24-1119

# UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

EDDIE LEE RICHARDSON AKA )
HOTWIRE THE PRODUCER )
                                   )
Plaintiff, )
                                     )
        v. )
                                       )
KARIM KHARBOUCH AKA FRENCH )
MONTANA, )
                                     )
Defendant. )

Appeal From The United States District Court
For The Norther District of Illinois
Case No. 19-CV-2321
The Honorable Judge Nancy L. Maldonado

## REPLY BRIEF OF THE
## DEFENDANT-APPELLEE,
## KARIM KHARBOUCH AKA FRENCH MONTANA

ADLI LAW GROUP
Dariush G. Adli, Esq.

Attorneys for the
Defendant-Appellee,
Karim Kharbouch AKA French Montana
520 South Grand Avenue, Suite 695,
Los Angeles, California 90071
adli@adlilaw.com

i

Save As    Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 24-1119

Short Caption: Richardson v. Kharbouch

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

        ☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    KARIM KHARBOUCH AKA FRENCH MONTANA

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Dariush G. Adli, Ani Martirosian of ADLI Law Group P.C.

    Michele S. Katz of Advitam IP, LLC

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: /s/ Dariush G. Adli    Date: June 3, 2024

Attorney's Printed Name: Dariush G. Adli

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  Yes ☑  No ☐

Address: 520 S. Grand Avenue, Suite 695, Los Angeles, California 90071

Phone Number: 213-623-6546    Fax Number: 213-623-6554

E-Mail Address: adli@adlilaw.com

rev. 12/19 AK

# APPELLEE BRIEF
# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ................................................................................. 1

STATEMENT OF THE ISSUES ................................................................................. 2

STATEMENT OF THE CASE ................................................................................. 3

SUMMARY OF ARGUMENT ................................................................................. 6

I.     STANDARD OF REVIEW ................................................................................. 7

II.    ARGUMENT ................................................................................................... 7

   a.   The Court Did Not Err in Finding That There Was No Evidence of Sampling Thus No Evidence of Copying of the *Sound Recording*. ................................................. 7

   b.   Appellants Statement of Material Facts Even if Accepted and Undisputed Are Not Dispositive or Material. ................................................................... 10

   c.   Appellant's Request for Injunctive Relief on Appeal is Inappropriate As Appellant has Not Succeeded on the Merits. ................................................. 13

III.   CONCLUSION ............................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Bridgeport Music, Inc. v. Dimension Films*
    (6th Cir. 2005) 410 F.3d 792 ...........................................................................9

*Chathas v. Local 134 Int'l Bhd. of Elec. Workers,*
    233 F.3d 508 (7th Cir.2000) ...........................................................................13

*Design Basics, LLC v. Signature Constr., Inc.,*
    994 F.3d 879 (7th Cir. 2021) .......................................................................8, 9

*James v. Hale*
    (7th Cir. 2020) 959 F.3d 307 ......................................................................7, 11

*Janky v. Lake County Convention & Visitors Bureau,*
    576 F.3d 356 (7th Cir.2009) .............................................................................7

*Johnson v. Arista Holding, Inc.,*
    2006 WL 3511894 (S.D.N.Y.2006)................................................................12

*Johnson v. Cypress Hill,*
    641 F.3d 867 (7th Cir. 2011) ......................................................................8, 11

*Johnson v. Cypress Hill*
    (N.D. Ill. 2008) 619 F.Supp.2d 537 ...........................................................8, 12

*Kinsey v. Jambow, Ltd.*
    (N.D. Ill. 2014) 76 F.Supp.3d 708 ..................................................................7

*Klinger v. Conan Doyle Estate, Ltd.*
    (N.D. Ill. 2013) 988 F.Supp.2d 879 ...............................................................13

*Patton v. MFS/Sun Life Financial Distributors, Inc.*
    (7th Cir. 2007) 480 F.3d 478 ...........................................................................7

*Sonja–Kaplan Productions, Inc. v. Zippi,*
    1988 WL 92871 (E.D.Pa.1988) ......................................................................12

*UMG Recordings, Inc. v. Stewart*
    (S.D. Ill. 2006) 461 F.Supp.2d 837................................................................13

*Valley Entertainment, Inc. v. Friesen*
    (N.D. Ill. 2010) 691 F.Supp.2d 821 ...............................................................12

*Woodard v. Victory Records, Inc.*
   (N.D. Ill., Mar. 31, 2016, No. 11 C 7594) 2016 WL 1270423 ............................................8, 11

**Federal Statutes**

17 U.S.C. 106 ...........................................................................................................................7

17 U.S.C. § 106 .....................................................................................................................7, 8

17 U.S.C. §§ 106(6), 114(a) .......................................................................................................4

17 U.S.C. § 501(a) .....................................................................................................................7

17 U.S.C. § 502(a) ...................................................................................................................13

Copyright Act Section 114(a) .....................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 56(c) ..................................................................................................................7

N.D. Ill. L.R. 56.1 ..................................................................................................................2, 5

N.D. Ill. L.R. 56.1(a) ...............................................................................................................10

## **JURISDICTIONAL STATEMENT**

Appellants Jurisdictional statement is correct, and complete as it pertains to the issue of jurisdiction. However, Appellee would like to make a correction that the District Court in its January 4, 2024 [Dkt. 96] order ruling on Defendant's motion for summary judgment did not grant Defendant "costs."

## **STATEMENT OF THE ISSUES**

1. Whether, the District Court, erred in finding no sufficient evidence of AWAN being sampled from HPW.

2. Whether, the District Court, erred by not deeming Plaintiff's N.D. Ill. L.R. 56.1 Statement as Admissions by Defendant, to grant Defendant Summary Judgment.

3. Whether, Plaintiff, has demonstrated a claim for injunctive relief beyond the issue of copying.

### STATEMENT OF THE CASE

Plaintiff and Appellant Eddie Lee Richardson AKA Hotwire The Producer ("Richardson" or "Appellant") appeals the District Court's granting Summary Judgement to Defendant Appellee Karim Kharbouch AKA French Montana ("Kharbouch" or "Appellee"), finding that Richardson has "fail[ed] to create a genuine issue for trial on actual copying" and that "even if Richardson could establish actual copying and maintain his claim for copyright infringement of his sound recording in HPW, he has failed to come forward with any evidence demonstrating that Kharbouch' s live performances of AWAN were done by digital audio transmission." [Dkt. 96].

On May 5, 2019, the original Complaint was filed by Plaintiff; the Complaint alleges one count of copyright infringement. [Dkt. No 1 at ¶ 25-32]. On January 11, 2021, the First Amended Complaint was filed by Plaintiff; the operative complaint alleges one count of copyright infringement of a sound recording and one count of willful copyright infringement of a sound recording. [Dkt. 51 at ¶ 26-48].  On May 6, 2013, Plaintiff registered the copyright to HPW as part of a collection of sound recordings and has the registration number SRu001122402. [Exhibit 4 to Richardson Depo.; Richardson Depo at 87:9-12; Exhibit 1 to Dkt. 51 Amended Complaint ("Reg. Cert. in Sound Recording"), Dkt. 51-1; Dkt. 51 (First Amended Complaint) at ¶ 12]. Plaintiff claims that the melody of AWAN, exclusive of the lyrics and vocals, is nearly identical to HPW. [Dkt. 51 (First Amended Complaint) at ¶ 15].  Plaintiff's expert analysis of the two works AWAN and HPW, opines that the melody of AWAN, contains an arrangement of six of the seven motives of HPW in the introduction and subsequent sections, including all verses, choruses and breakdowns. [Dkt. 51 (First Amended Complaint) at ¶ 16; Exhibit 2 to Dkt. 51 at pg. 4].  Plaintiff defines a "motif" or "motives" as short musical ideas that are brief and used to develop longer musical expressions like melodies. [Dkt. 51 (First Amended Complaint) at ¶ 16 Footnote 1; Exhibit 2 to Dkt. 51 at pg. 4].  On September 8, 2021, Defendant moved for Summary Judgement or Partial Summary Judgment that Plaintiff Eddie Lee Richardson is limited to, at most, one instance of statutory damages and if any infringement is found, that infringement to be innocent. [Dkt. 66 (Defendant's MSJ) at § I, § VA-VD]. On September 10, 2021, Plaintiff moved for summary

judgment to (1) find Defendant liable for copyright infringement; (2) a permanent injunction against Defendant from performing AWAN; (3) an award of $750 in statutory damages, and (4) to award Plaintiff reasonable attorney fees and costs. [Dkt. 69 (Plaintiff's MSJ) at Pg. 6]. On March 30, 2023, this Court issued its Minute entry, stating that "for reasons set out in the Court's Memorandum Opinion and Order, the Defendant's motion for partial summary judgement is granted in part and denied in part.  The motion is granted to the extent that Plaintiff is limited to recovering only for acts of infringement occurring after April 5, 2016, is limited to statutory, and not actual damages, and further is limited to one award of statutory damages.  The motion is denied as to the issues of willfulness or innocence of any alleged infringement. The Court further denies Plaintiff's motion for summary judgment in full." [Dkt. 85 Court's Minute Entry]. In its March 30, 2023, Memorandum of Opinion and Order, this Court stated that "the Court acknowledges that if Plaintiff's registration is one for a 'sound recording,' that would likely mean that he could only pursue an infringement action for performance by 'digital audio transmission.'  But even if Defendant is correct on that point, the record is unclear at this stage whether Defendant's alleged acts of infringement, i.e. his performances of AWAN, were by means of 'digital audio transmission,' or were strictly 'public performances.'" [Dkt. 86 at Pg. 16].

In its Minute Entry on July 12, 2023, this Court states that "before the case can proceed to trial, the Court requires clarity on a potentially dispositive issue that was raised for the first time in Defendant's reply brief in support of summary judgment.  That issue is whether, in light of Plaintiff registering only a 'sound recording' copyright' Defendant can be liable for his public performances of the alleged infringing work, given that the holder of a 'sound recording' copyright generally only has the exclusive right to public performance by means of a 'digital audio transmission.' 17 U.S.C. §§ 106(6), 114(a).  It is unclear at this point on the record whether any of Defendant's alleged infringing conduct in performing the work at issue, either publicly or via other means, was done by means of a 'digital audio transmission' such that his conduct could be covered by statute, irrespective of the question of whether the work was infringing." [ Dkt. 90]. On September 8, 2023 Defendant moved for summary judgment on the issues that  first, that according

4

to undisputed facts, Plaintiff will not be able to prove that Defendant infringed its copyright; and, second, even if Plaintiff there is a dispute of fact as to infringement, there can be no dispute that the acts of Defendant performing AWAN were not done by means of "digital audio transmission."[ Dkt. 91]. On January 4, 2024 the Court granted Defendant's motion for summary judgment, stating that Richardson has "fail[ed] to create a genuine issue for trial on actual copying" and that "even if Richardson could establish actual copying and maintain his claim for copyright infringement of his sound recording in HPW, he has failed to come forward with any evidence demonstrating that Kharbouch' s live performances of AWAN were done by digital audio transmission." [Dkt. 96].

Richardson now appeals the district court's decision stating that (1) the District Court, erred in finding no sufficient evidence of AWAN being sampled from HPW, (2) the District Court, erred by not deeming Plaintiff's N.D. Ill. L.R. 56.1 Statement as Admissions by Defendant, to grant Defendant Summary Judgment and (3) Plaintiff, has demonstrated a claim for injunctive relief beyond the issue of copying.

Richardson incorrectly states in its Appeal Brief, that the District Court granted Kharbouch "costs" [Doc. 9, Pg. 1; Doc. 9, Pg. 2 of Appeal Brief], in its January 4, 2024 order [Dkt 96].

## <u>SUMMARY OF ARGUMENT</u>

1. The Court did not err in finding that there is no evidence of sampling thus no evidence of copying of the sound recording.

2. Appellant's statement of material facts even if accepted and undisputed are not dispositive or material.

3. Appellant's request for injunctive relief on appeal is inappropriate as Appellant has not succeeded on the merits.

I.      **STANDARD OF REVIEW**

Appellate courts review *de novo* a district court's summary judgment decisions, interpreting the facts and drawing all reasonable inferences in favor of the nonmoving party. *See James v. Hale* (7th Cir. 2020) 959 F.3d 307, 314 (internal citations omitted).

"Summary judgment is appropriate only if the evidence presents no issue of material fact, so the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is so entitled if no reasonable fact-finder could return a verdict for the nonmoving party. Whether a reasonable factfinder could return a verdict for the nonmoving party is determined in part by the substantive burden of proof that that party faces." *Patton v. MFS/Sun Life Financial Distributors, Inc*. (7th Cir. 2007) 480 F.3d 478, 485 (internal citations omitted).

II.     **ARGUMENT**

    a.   **The Court Did Not Err in Finding That There Was No Evidence of Sampling Thus No Evidence of Copying of the *Sound Recording*.**

Section 114(a) of the Copyright Act, limits the exclusive rights of a copyright holder in a sound recording under 17 U.S.C. 106 to only  (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivate works based upon the copyrighted work; (3) to distribute copies or phonorecord of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease or lending; and (6) in the case of a sound recording to perform the copyrighted work publicly by means of a digital audio transmission.  "Copyright infringement occurs when anyone violates the exclusive rights of a copyright owner. 17 U.S.C. § 501(a). To prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Janky v. Lake County Convention & Visitors Bureau*, 576 F.3d 356, 361 (7th Cir.2009). *Kinsey v. Jambow, Ltd*. (N.D. Ill. 2014) 76 F.Supp.3d 708, 711.

Section 114(a) states that "(1) and (2) of section 106 do not extend to the making or duplication of another sound recording that consists entirely of an independent fixation of other

sounds, even though such sounds imitate or simulate those in the copyrighted sound recording, which identifies the distinct type of recordings." "When it comes to musical recordings, there are two types of copyrights at play: (1) copyrights in the actual recordings of the performance of the songs, and (2) copyrights in the composition for each song, meaning the musical notes and lyrics that make up the song. *See id*.; *Johnson v. Cypress Hill*, 641 F.3d 867, 870 n.5 (7th Cir. 2011). *Woodard v. Victory Records, Inc*. (N.D. Ill., Mar. 31, 2016, No. 11 C 7594) 2016 WL 1270423, at *2. "Form SR" is used to register works that the Copyright Office designates as "Sound Recordings," which are works that result from fixation of a series of musical, spoken or other sounds, but no audiovisual work. Sound Recordings are "neither the same as, nor a substitute for, registration for the musical dramatic, or literary work recorded." See United States Copyright Office, Sound Recordings, at http://www.copyright. gov/register/sound.html (last visited on April 22, 2008) *Johnson v. Cypress Hill* (N.D. Ill. 2008) 619 F.Supp.2d 537, 540.

Thus, when 17 U.S.C. § 106 is referring to "the copyrighted work" in a sound recording it is referencing the recorded performance. *See* Circular 56, of the United States Copyright Office.[1]

The evidence in the record does not show copying of the sound recording, by Appellee thus there can be no copyright infringement as the second element "copying" has not been established by Appellant. Appellant failed to show that Appellee "use[d] any of the actual audio sounds contained in a preexisting recording." Sampling Interpolations, Beat Stores and More: An Introduction for Musicians Using Preexisting music, United States Copyright Office[2].

On appeal, Appellant is arguing that substantial similarity between the songs is evidence of sampling and thus constituting copying stating that "[t]he District Court's error appears to result from its misapplication of the standard for probative similarity" [Doc. 9, Pg. 17 of Appeal Brief] citing to *Design Basics, LLC v. Signature Constr., Inc*., 994 F.3d 879, 888 (7th Cir. 2021). Appellants argument is misplaced for two main reasons, *first*, *Design Basics LLC* is not applicable to the instant case and *second*, the similarity in sounds and notes has no bearing on whether or not

---

[1] https://www.copyright.gov/circs/circ56.pdf (last accessed 06/01/2024)
[2] https://www.copyright.gov/music-modernization/educational-materials/Sampling-Interpolations-Beat-Stores-and-More-An-Introduction-for-Musicians-Using-Preexisting.pdf (last accessed 06/01/2024)

there is sampling, as sampling can occur in songs that sound both similar or dissimilar from one another.

   *Design Basics* is not applicable in the instant case, and neither is the "probative similarity" standard purported by Appellant.  Appellant states that "when used as a test for actual copying in a circumstantial case, the requirement of 'substantial similarity' is not limited to the protected elements of the plaintiff's work" [Doc. 9, Pg. 33 of Appeal Brief].  This standard is misplaced as *Design Basics* is not discussing copyright in a sound recording, but copyrights in floor plans, architectural works.  *Id*. at 889.  Further that portion in *Design Basics* is referencing the distinction between "actual copying" and "wrongful copying" stating "similarity that relates to unprotected elements is probative only of [actual] copying—not wrongful copying." *Id*. at 888.  Thus, the *Design Basics* is inapplicable here and so is the standard proposed by Appellant.

   Similarity in the songs has no bearing on whether there is evidence of sampling of a sound recording. As the Sixth Circuit has stated that "[i]n most copyright actions, the issue is whether the infringing work is substantially similar to the original work.... The scope of inquiry is much narrower when the work in question is a sound recording. The only issue is whether the actual sound recording has been used without authorization. Substantial similarity is not an issue ...." Bradley C. Rosen, Esq., 22 CAUSES OF ACTION § 12 (2d ed.2003); *Bridgeport Music, Inc. v. Dimension Films* (6th Cir. 2005) 410 F.3d 792, 798.

    Circular 56, of the United States Copyright Office explains,[3] "[t]he copyright in a sound recording covers the recording itself. It does not cover the music, lyrics, words, or other underlying content embodied in that recording. For example, the song 'Rolling in the Deep' authored by Adele and Paul Epworth and a recording of Aretha Franklin singing 'Rolling in the Deep' are two distinct works. The underlying music and lyrics are a 'musical work,' and a recording of an artist performing that song is a 'sound recording.'"

   As elucidated by Circular 56, two recordings that sound identical as exemplified above, the

---

[3] https://www.copyright.gov/circs/circ56.pdf (last accessed 06/01/2024)

recording of the song "Rolling in the Deep" by Adele and Aretha Franklin respectively, are two separate and distinct works in a sound recording. Each of the respective recordings, do not implicate each of the respective copyright rights in the sound recording even if the "two works are 'shockingly similar; with the melody of [one recording] 'containing arrangement of six of the seven motives of [the other recording] in the introduction and subsequent sections, including all verses choruses, and breakdowns." [Doc. 9, Pg. 29 of Appeal Brief].

Similarity in sounds is not indicative of sampling. "Sampling involves taking part of an existing sound recording and incorporating it into a new work. For example, a piano line or a guitar riff from one recording might be used as a melody in a new recording (instead of re-recording the melody or creating a new melody), or the audio from drums or piano might be incorporated into a new sound recording as the rhythm or melody of the new work."[4] Here, to support its claim for sampling Appellant submitted evidence that the melody of AWAN, contains an arrangement of six of the seven motives of HPW". [Doc. 9, Pg. 29 of Appeal Brief] This evidence is insufficient to support copying of a sound recording and sampling, "because under U.S. copyright law, the exclusive rights in sound recordings do not extend to making independently recorded 'sound alike' recordings."[5]

### b. Appellants Statement of Material Facts Even if Accepted and Undisputed Are Not Dispositive or Material.

Appellant states "in cross-motions for summary judgment, [Appellant], asserted fourteen facts in his L.R. 56.1(a) statement. Three of those facts, were found by the District Court to be dispositive in favor of [Appellants] motion." [Doc. 9, Pg. 42 of Appeal Brief]. These facts are:

(a) AWAN is "shockingly similar" to HPW because AWAN contains six of the seven motives that comprise the melody of HPW in AWAN's "introduction and subsequent sections, including all the verses, choruses, and breakdown." [Doc. 9, Pg. 43 of Appeal

---

[4] https://www.copyright.gov/music-modernization/educational-materials/Sampling-Interpolations-Beat-Stores-and-More-An-Introduction-for-Musicians-Using-Preexisting.pdf (last accessed 06/01/2024)
[5] https://www.copyright.gov/music-modernization/educational-materials/Sampling-Interpolations-Beat-Stores-and-More-An-Introduction-for-Musicians-Using-Preexisting.pdf (last accessed 06/01/2024)

Brief].

(b) It is "extremely unlikely" that the melody for AWAN was independently inspired from the public domain because the "[o]riginality in arrangement of motives and melody is a key component to the commercial success of a song and is popularity among fans… the commercial success and popularity of AWAN is a very strong indicator that HPW expresses an original arrangement of motives and furthermore a unique compositional expression of the genre, gansta rap." Doc. 9, Pg. 43 .of Appeal Brief]

(c) Ordinary observations by the public confirm that "there is more than a passing similarity" between AWAN and HPW.

https://www.tmz.com/2019/04/05/french-montana-lawsuit-aintworried-about-nothin-copyright-ripoff/; "French Montana Sued HERE'S SOMETHING TO WORRY ABOUT You Stole My Track!!!" TMZ.com (April 5, 2019) ("Ex. 5"). [Doc. 9, Pg. 43-44 of Appeal Brief].

None of the facts above show sampling or misappropriation of copyright in a sound recording and thus are not material to the disposition of the issue of copying. "It is axiomatic that the first step in the summary-judgment process is to ask whether the evidentiary record establishes a genuine issue of material fact for trial." *James v. Hale* (7th Cir. 2020) 959 F.3d 307, 310.

Whether or not the songs are shockingly similar to one another, do not show whether Appellee misappropriated Appellants rights in a sound recording or that the sound recording was sampled. As explained above, two separate sound recordings can sound identical to one another and not be infringing on the other's copyright in a sound recording.

"When it comes to musical recordings, there are two types of copyrights at play: (1) copyrights in the actual recordings of the performance of the songs, and (2) copyrights in the composition for each song, meaning the musical notes and lyrics that make up the song. See id.; *Johnson v. Cypress Hill*, 641 F.3d 867, 870 n.5 (7th Cir. 2011). *Woodard v. Victory* Records, Inc. (N.D. Ill., Mar. 31, 2016, No. 11 C 7594) 2016 WL 1270423, at *2. "Form SR" is used to register works that the Copyright Office designates as "Sound Recordings," which are works that result

from fixation of a series of musical, spoken or other sounds, but no audiovisual work. Sound Recordings are "neither the same as, nor a substitute for, registration for the musical dramatic, or literary work recorded." See United States Copyright Office, Sound Recordings, at http://www.copyright. gov/register/sound.html (last visited on April 22, 2008) *Johnson v. Cypress Hill* (N.D. Ill. 2008) 619 F.Supp.2d 537, 540.

For example, in *Valley Entertainment, Inc. v. Friesen*, where Plaintiff's had a Class PA registration, and had asserted their copyrights claims against Defendants for using the recording of the song, the court stated that "Valley has not pointed to sufficient evidence to show that Defendants copied the sheet of the Copyrighted Songs. Velley's case is premised upon the copyright of the sound recording of the Copyrighted Songs. Valley has thus failed to point to sufficient evidence to show an infringement of Copyright No. PAu937-523, the copyright relied upon by Valley prior to responding to Defendants' motion for summary judgement." *Valley Entertainment, Inc. v. Friesen* (N.D. Ill. 2010) 691 F.Supp.2d 821, 824. "Based on the foregoing analysis, we grant Defendants' motion for summary judgment on the federal copyright infringement claims (Count I). Id at 827.

The court in *Valley Entertainment* explained that "as Defendants correctly point out, a 'PA' class copyright covers words and arrangements of sheet music, but the registration of such a copyright does not cover sound recordings of the words or music on the sheet music. *See, e.g., Johnson v. Hill*, 619 F.Supp.2d 537, 540, n. 2 (N.D.Ill.2008); *Johnson v. Arista Holding, Inc.*, 2006 WL 3511894, at *2, n. 4 (S.D.N.Y.2006) (explaining that a PA copyright applies to the underlying composition, not the "master recording or physical embodiment of a musical performance"); *Sonja–Kaplan Productions, Inc. v. Zippi*, 1988 WL 92871, at *7 (E.D.Pa.1988) (stating that [t]he administrative regulations promulgated by the Copyright Office place musical works into Class Pa: "Works of the Performing Arts, while sound recordings are assigned a separate class" and "a Class PA copyright cannot, under the regulations, be construed to include the sound recording of the work"). *Valley Entertainment, Inc. v. Friesen* (N.D. Ill. 2010) 691 F.Supp.2d 821, 824.

Conversely a Copyright in a sound recording, does not extend to the underlying words and

arrangements of sheet music, thus evidence that the songs are "shockingly similar," or that it is "extremely unlikely" that the melody for AWAN was independently inspired, are not dispositive to the issue of copying a sound recording and sampling.

Whether the two songs are shockingly similar or not, there is no evidence that Appellee misappropriated Appellant's rights in a sound recording by sampling or otherwise and thus Appellants request should be denied.

### c. Appellant's Request for Injunctive Relief on Appeal is Inappropriate As Appellant has Not Succeeded on the Merits.

Appellant's request for permanent injunction against Appellee is inappropriate. 17 U.S.C. § 502(a) states that "any court having jurisdiction of a civil action arising under this title, may subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Although "the issuance of an injunction is in the discretion of the court, courts have traditionally granted permanent injunctions if liability is established and a continuing threat to a copyright exists." *UMG Recordings, Inc. v. Stewart* (S.D. Ill. 2006) 461 F.Supp.2d 837, 844. "When the plaintiff is seeking a permanent injunction…. the issue is not whether the plaintiff has demonstrated a reasonable likelihood of success on the merits, but **whether he has in fact succeeded on the merits.** *See Chathas v. Local 134 Int'l Bhd. of Elec. Workers,* 233 F.3d 508, 513 (7th Cir.2000) ("the predicate for a permanent injunction would have to be that they had prevailed on the merits ... A plaintiff cannot obtain a permanent injunction merely on a showing that he is likely to win when and if the merits are adjudicated.") *Klinger v. Conan Doyle Estate, Ltd.* (N.D. Ill. 2013) 988 F.Supp.2d 879, 894, aff'd (7th Cir. 2014) 755 F.3d 496.

Here Appellant has not established the threshold issue of liability, copyright infringement. Thus, because Appellant has not in fact succeeded on the merits his request for permanent injunction on appeal is misplaced and inappropriate. For the reasons above, Appellant's request for a permanent injunction should be denied.

III.    **CONCLUSION**

For the reasons above, Appellee respectfully requests the Appellate Court for the Seventh Circuit, to find that the district court did not (1) err in finding that there is no evidence of sampling thus no evidence of copying of the sound recording, (2) that Appellant's statement of material facts even if accepted and undisputed are not dispositive or material and (3) that Appellant's request for injunctive relief on appeal is inappropriate as Appellant has not succeeded on the merits.


Dated: June 3, 2024

By: /s/ Dariush G. Adli
Dariush G. Adli
Ani Martirosian
ADLI LAW GROUP P.C.
520 S. Grand Ave., Suite 695
Los Angeles, California 90071
P: (213) 623-6546
F: (213) 623-6554
adli@adlilaw.com
*Attorneys for Defendant-Appellee*
Karim Kharbouch

Michele S. Katz
Advitam IP, LLC
150 S. Wacker Drive
Suite 2400
Chicago, IL 60606
P: (312) 332-7710
F: (312) 332-7701
mkatz@advitamip.com

14

**FORM 6.**
**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

**Certificate of Compliance With Type-Volume Limit, Typeface Requirements,
and Type-Style Requirements**

1. This document complies with the word limit of Fed. R. App. P. Cir.R. 32(c) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

  **_x_**  this document contains 4,464 words, **or**

  ___ this brief uses a monospaced typeface and contains [state the number of ] lines of text.


2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

  **_x_** this document has been prepared in a proportionally spaced typeface using Microsoft Word in 12 point font and Times New Roman, **or**

  ___ this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

                              /s/ Dariush G. Adli

                              for  Defendant-Appellee Karim Kharbouch

                              Dated:  June 3, 2024

☑

# CERTIFICATE OF SERVICE

**Certificate of Service When All Case Participants Are CM/ECF Participants**

I hereby certify that on _____June 3, 2024_____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ ___Dariush G. Adli_____

☐

# CERTIFICATE OF SERVICE

**Certificate of Service When Not All Case Participants Are CM/ECF Participants**

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

counsel / party:                                address:

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

s/_____